UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYLER BONNER,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:20-CV-1572-DWC<br><br>ORDER DECLINING TO VOLUNTARILY RECUSE |

Plaintiff, proceeding through his retained counsel, Christopher Dellert, filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). Dkt. 36. Within the Motion, Plaintiff requests the undersigned voluntarily recuse himself. *Id*. at 7-8. Plaintiff reiterated his request for the undersigned to recuse himself in Plaintiff's Reply to Defendant's Response. Dkt. 38.

After consideration of Plaintiff's request (Dkt. 36, 38) and the relevant record, the undersigned declines to recuse himself and refers Plaintiff's Motion requesting recusal and this Order to Chief Judge Martinez pursuant to Local Civil Rule 3(f).[1]

---

[1] The Court notes Plaintiff did not file the request for recusal as a separate motion to recuse or reference 28 U.S.C. § 144 or 28 U.S.C. § 455 in the Motion. *See* Dkt. 36, 38. However, based on the content of Plaintiff's request, the Court, in an abundance of caution, is proceeding under Local Civil Rule 3(f).

## I. Discussion

Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily."

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1). 28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus,

> judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

Plaintiff requests the undersigned recuse himself based on the tone of this Court's Order Affirming Defendant's Decision to Deny Benefits. Dkt. 36 at 8. He contends that portions of the Order Affirming Defendant's Decision to Deny Benefits were unprofessional. *Id*. at 7. Plaintiff further alleges Defendant has intentionally misquoted case law in an effort to deceive the undersigned and that "[a]ny reasonable judge would have expressed disapprobation of, if not sanctioned, the repeated misquoting of Supreme Court law." *See* Dkt. 38 at 3-4. Plaintiff states that the undersigned's "lack of attention to this deception demonstrates that Magistrate [Judge] Christel was not neutral, but, instead, favored Defendant, warranting recusal." *Id*. at 4.

The Court initially notes Plaintiff bases his assertion that the undersigned is biased on a judicial ruling, which, as stated above, "almost never constitute[s] a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The undersigned makes rulings in each case based upon the issues presented by the parties or upon an independent review by the Court and has no personal bias or reason to be partial to one side or the other in this matter.

Furthermore, in this case, the Court thoroughly analyzed the parties' arguments regarding the applicable case law and Plaintiff's concerns about Defendant's interpretation thereof and was persuaded by Defendant's arguments. Dkt. 34 at 33-37. Plaintiff's counsel believes the Court's failure to accept his interpretation of how Defendant addressed the case law establishes that the Court lacks impartiality. In making this assertion, Plaintiff's counsel reasserts arguments raised in his Supplemental Reply regarding Defendant's alleged misrepresentation of the case law. *See*

Dkt. 36, 38; *see also* Dkt. 33. The Court thoroughly considered and analyzed Plaintiff's counsel's arguments and concluded that

> although Plaintiff is correct Defendant's citations regarding *Collins* invited ambiguity, nevertheless, the Court is persuaded by Defendant's arguments. Contrary to Plaintiff's implied argument, the Supreme Court in *Collins* did not grant *Collins* shareholders *Administrative* relief prior to any demonstration of harm before a *trial court*: Even though the Supreme Court "remanded" the matter, it was to the trial court, not to the Administration, as requested by plaintiff in the matter herein.

Dkt. 34 at 35-36 (internal citations omitted, emphasis in original). While Plaintiff's counsel disagrees with Defendant's and this Court's interpretation of the law, Plaintiff's allegations, which are not supported by the record, do not reflect partiality to either side by the undersigned. Therefore, Plaintiff has not shown a reasonable person could question this Court's impartiality and his contentions do not warrant recusal. Accordingly, the undersigned will not recuse himself voluntarily from this case.

## II.     Conclusion

Based on the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily.

The Clerk is directed to refer Plaintiff's Motion requesting recusal (Dkt. 36) to Chief Judge Martinez in accordance with Local Civil Rule 3(f). The Clerk is also directed to send a copy of this Order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 8th day of November, 2021.

David W. Christel
United States Magistrate Judge