UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER BONNER, | CASE NO. C20-1572 DWC |
| Plaintiff, | ORDER AFFIRMING ORDER DECLINING TO VOLUNTARILY RECUSE |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE U.S. SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

This matter is before the Court, under the local rules, for review of United States Magistrate David W. Christel's order denying Plaintiff's request that he voluntarily recuse himself from this case. Dkt. #39; LOCAL RULES W.D. WASH. LCR 3(f) (order denying voluntary judicial recusal referred to the Chief Judge for review). Having reviewed the matter, the Court affirms Judge Christel's order.

**A. Background**

Plaintiff initiated this action to obtain judicial review of the United States Social Security Administration's ("SSA") final decision denying his application for disability insurance and supplemental security income benefits. Dkt. #5. Plaintiff maintained that the administrative law judge's decision, subsequently affirmed by SSA's Appeals Council, was based on errors of law

ORDER – 1

and was unsupported by substantial evidence. *Id.* Judge Christel disagreed, and affirmed the administrative law judge's decision. Dkt. #34. Plaintiff quickly filed a motion to alter or amend the judgment and, in the same motion, sought to have Judge Christel recuse himself from any further proceedings. Dkt. #36. Judge Christel denied Plaintiff's request for voluntarily recusal, without addressing the merits of the underlying motion to alter or amend judgment, and referred the matter to the Undersigned. Dkt. #39.

Primarily, Plaintiff takes issue with the tone of Judge Christel's order:

> Given the tone of the Order, Plaintiff requests that Magistrate Christel recuse himself from any further adjudication in this case. Plaintiff understands that Magistrate Christel has a nationwide, well deserved reputation for excellence in legal reasoning, ethics, and judicial demeanor. Plaintiff's counsel is honored to be an officer of Christel's court. But in this particular case, perhaps due to the tense inundation of new *Seila* arguments filed late in the game across the nation, Magistrate Christel has reacted without his usual professionalism.

*Id.* at 8. Additionally, and intertwined with his substantive legal arguments, Plaintiff takes issue with Judge Christel's judicial decision not to sua sponte impose sanctions on defense counsel. Dkt. #38 at 3–4. Specifically, Plaintiff points to defense counsel's characterization, quotation, and citation of a specific case, actions which Judge Christel found "invited ambiguity." *Id.* at 3.[1]

**B. Legal Standard**

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes circumstances where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic*

---

[1] Plaintiff does not point to any portion of the record where he brought the propriety of sanctions before the Court.

ORDER – 2

1  *Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with
2  whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*,
3  923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

   **C. Discussion**

   At the outset, the Court notes that Plaintiff's concerns all stem from Judge Christel's order affirming the administrative action at issue in this case.

   > [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .  [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

   *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Relying solely on Judge Christel's order resolving the case, Plaintiff sets himself on a difficult course.

   Additionally, Plaintiff takes issue with the language of Judge Christel's order, although he does not point to any specific passages.  Dkt. #36 at 7 ("[T]he tone of the Order [of] this Court is in places not professional and includes moralizing and exasperation, as if Plaintiff has done something wrong.").  Notably, and while Judge Christel's legal findings and conclusions may have been set forth more bluntly than Plaintiff would prefer, Plaintiff does not contend that Judge Christel mischaracterizes the record or prior proceedings.  Plaintiff's objection, then, is based solely on his subjective opinion of the merits of his case.  But, to the extent Plaintiff disagrees with Judge Christel's conclusions and legal analysis, the legal propriety of the order is an issue for further litigation or, if Plaintiff chooses, possibly for appeal.

ORDER – 3

**D. Conclusion**

Accordingly, and for the reasons set forth above, the Court finds and ORDERS that Judge Christel's order declining Plaintiffs request that he disqualify himself (Dkt. #39) is AFFIRMED.

DATED this 7th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE