UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYLER BONNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. 2:20-CV-1572-DWC<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |

On October 8, 2021, the Court determined the Administrative Law Judge ("ALJ") properly concluded Plaintiff was not disabled and affirmed Defendant's decision to deny Plaintiff's applications for child's insurance benefits and supplemental security income. Dkt. 34. The Court entered judgment for Defendant on the same date. Dkt. 35. Presently before the Court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P 59(e) ("Motion").[1] Dkt. 36. Plaintiff argues the Court should alter the judgment and reverse Defendant's decision to deny benefits because the Court's decision is based on a clear error of law. *Id*. Specifically,

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

1 | Plaintiff asserts the Court committed clear error when it declined to make a finding regarding the constitutionality of 42 U.S.C. § 902(a)(3). *Id*. Plaintiff also asserts this Court erred by failing to allow her to conduct discovery. *Id*.[2]

The Court may alter or amend a judgment under Rule 59(e) where the Court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. (citation and internal quotation marks omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*.

In reaching its decision, the Court considered the record as a whole and the arguments of the parties, including Plaintiff's previously raised arguments related to the constitutionality of 42 U.S.C. § 902(a)(3). *See* Dkt. 34; *see also* Dkt. 28, 30, 33. The Court found Plaintiff's arguments requesting remand due to the unconstitutional appointment of the then-Commissioner of Social Security lacked merit. Dkt. 34. Since filing the Motion, this District has found 42 U.S.C. § 902(a)(3) violates separation of powers, but the violation is not grounds to reverse ALJ decisions. *See e.g. Lisa Y. v. Commissioner of Social Security*, -- F.Supp.3d --, 2021 WL 5177363 at *5-8 (W.D. Wash. Nov. 8, 2021); *Alice A. v. Commissioner of Social Security*, Case No. 3:20-CV-5756-RAJ (W.D. Wash. Nov. 24, 2011).

---

[2] Plaintiff also requested the undersigned voluntarily recuse himself. Dkt. 36. The undersigned declined to recuse himself and the Honorable Ricardo S. Martinez, the Chief United States District Judge, has affirmed that decision. Dkt. 39, 40.

1 As courts are consistently finding 42 U.S.C. § 902(a)(3) does not warrant reversal of an ALJ decision, Plaintiff's arguments in the Motion are not sufficient to warrant an amended judgment. Furthermore, as stated above, the Court considered the record as a whole, including Plaintiff's arguments, when reaching its decision. Therefore, Plaintiff has failed to show the Court committed clear legal error. Accordingly, Plaintiff's Motion (Dkt. 34) is denied.

Dated this 14th day of January, 2022.

*[signature]*

David W. Christel
United States Magistrate Judge